IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:14cr409-MHT** |
| | ) | (WO) |
| **KARAMOKO FUSE** | ) | |

OPINION AND ORDER

This cause is before the court on defendant Karamoko Fuse's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for January 12, 2015, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or
> indictment, or from the date the
> defendant has appeared before a
> judicial officer of the court in which
> such charge is pending, whichever date
> last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Fuse in a speedy trial. Fuse was arraigned on Wednesday, December 3, 2014. Fuse's counsel entered her notice of appearance on the next day, December 4, a little more than a month before

2

the trial date. She promptly filed a motion to continue trial on the following Tuesday, December 9. As grounds, the motion states that the discovery disk provided by the government malfunctioned and that counsel is awaiting a new disk; it also states that the discovery is voluminous, which counsel for the government confirmed during an on-the-record conference call with the court on December 10. Also, the case involves numerous witnesses from multiple jurisdictions, including both Alabama and California. With discovery being as complex as it is, and with Fuse having been arraigned only last week, the court concludes that, taking into account due diligence, the case is not one for which counsel can effectively prepare in the time remaining before trial.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Karamoko Fuse's motion for continuance (doc. no. 16) is granted.

(2) The jury selection and trial, now set for January 12, 2015, are reset for May 4, 2015, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 12th day of December, 2014.

                                       /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**